[No. 18470.  Department Two.  May 28, 1924.]

S. T. LEWIS *et al., Appellants,* v. H. J. SCHWINN & COMPANY, INCORPORATED, *et al., Respondents.*[1]

INSURANCE (30)—MARINE INSURANCE—CONTRACT TO INSURE—ORAL AGREEMENT OF AGENT—EVIDENCE—SUFFICIENCY.  The evidence is insufficient to establish the liability of an insurance company upon an oral contract for marine insurance, where it merely appears that a local insurance agency representing various companies agreed to procure marine insurance, and the only evidence of the agent's authority to write a policy for the company was its admission, denied by the company, and it was shown in fact that it had no such authority.

PLEADING (170)—ISSUES, PROOF AND VARIANCE—EVIDENCE ADMISSIBLE—COMPLAINT—CONTRACTS.  A local insurance agency cannot be held liable on its promise to procure a policy of marine insurance, where the complaint was based upon its promise, as the authorized agent of a certain company which was joined as a defendant, that the principal would issue the policy, and the cause was submitted to the jury on that theory, and the proof failed to show any such authority or promise as agent, but only an independent promise.

[1]Reported in 226 Pac. 129.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered October 11, 1923, in favor of the defendants, notwithstanding the verdict of a jury rendered in favor of the plaintiffs, in an action on contract. Affirmed.

*Revelle, Revelle & Kells*, for appellants.

*Burkey, O'Brien & Burkey*, for respondents Schwinn & Co.

*Ogden & Clarke*, for respondent Aetna Insurance Co.

FULLERTON, J.—The appellants, Lewis, brought this action against the respondents H. J. Schwinn & Company, Incorporated, and the Aetna Insurance Company to recover for a breach of a purported contract to insure certain described personal property against the perils of the sea while in transport from Seattle, in the state of Washington, to Prince Rupert, in the province of British Columbia. After issue joined, the cause was tried before a jury, who returned a verdict for the appellants. The respondents thereupon severally moved for judgment notwithstanding the verdict. These motions the trial court granted, entering a judgment of dismissal. The appeal is from the judgment so entered.

The facts which the jury were warranted in finding, although on all of the material questions the evidence was in sharp conflict, were in substance these: The respondent H. J. Schwinn & Company, Incorporated, conducts a local insurance agency at the city of Tacoma. The appellants were residents of that city, and for a long time kept their household goods insured against loss by fire in different insurance companies through policies procured by the agency company. In September, 1920, the appellants contemplated moving from Tacoma to Prince Rupert. Preparatory thereto

they had caused their household goods to be sent to a local concern at Tacoma for crating. Mrs. Lewis then went to the office of the agency company for the purpose of having the insurance then upon them transferred so as to cover any loss by fire while being held by the concern crating the goods and while being transported to Prince Rupert. The representative of the company she met at the office informed her, after she had made known the purpose of her visit, that the member of the office force, a Miss Smith, who had charge of that particular branch of the business was then out, but that the matter would be attended to upon her return. In the conversation with the representative, Mrs. Lewis incidentally mentioned that she was going to Seattle on the next day to obtain insurance against loss by shipwreck while the goods were in transit. The representative then told her that it was wholly unnecessary for her to go to Seattle to get such insurance, as their office could write it for her; telling her at the same time that he would have Miss Smith call her by telephone on her return, when the matter could be arranged. Mrs. Lewis was called on the next day and answered the call on the day following. On reaching the office, she met Miss Smith and the necessary transfers of the fire policies were made out. She then took up with her the matter of the marine insurance, when, after some discussion, an agreement was reached by which the agency company promised to procure for the appellants a marine policy covering the goods against loss by the perils of the sea, in the sum of $2,000. The goods were shipped on a vessel that sailed on the 29th of the month. On that day, or early in the morning of the 30th, the vessel was wrecked, the goods lost, and the appellants suffered a damage thereby in excess of $2,000.

Sometime during the day of the 30th, Mrs. Lewis again called at the office of the agency company, and, meeting Miss Smith, asked for the marine policy. Her testimony is that Miss Smith expressed surprise at the request, and said to her that she did not understand that a marine policy was wanted, but that if the vessel had not then sailed she thought she could procure such a policy in the Aetna Insurance Company through an agency at Seattle. Mrs. Lewis then knew that the vessel carrying the goods had then sailed, and "had a suspicion . . . and had heard that the boat might be on the rocks," but "did not know positively that the boat was stranded." She did not, however, make known to Miss Smith the fact that the vessel had sailed, nor did she communicate to Miss Smith her suspicions. Miss Smith immediately took up the matter with a Seattle agency by telephone, and then learned for the first time that the vessel carrying the goods had been wrecked, and, of course, the effort to insure failed. Mrs. Lewis herself testifies that in neither of the conversations had prior to the 30th of the month was any insurance company mentioned with whom the insurance she sought would be placed, and that she left the matter of the selection of the company entirely "to the judgment" of the agency. Nor is there elsewhere in the record any evidence making the matter more definite; the testimony of the employees of the agency with whom she dealt being to the effect that no mention of marine insurance was made to either of them prior to her visit on the 30th of the month.

Noticing first the assignment that the court erred in granting judgment notwithstanding the verdict in favor of the respondent insurance company, it would seem that the correctness of the court's ruling could

hardly admit of question. Since the appellants are suing the respondent as for a breach of contract to insure their goods, the first primal requisite was to establish the contract. They were obligated to show that the respondent, either directly or through its duly authorized agents, entered into a contract with them to insure their goods. To our minds, the evidence falls far short of establishing such a contract. Even Mrs. Lewis, in whose evidence the contract must be found, does not pretend to say that the agency company promised on behalf of the insurance company to insure the goods. The utmost effect of her testimony is that the agency company promised to procure insurance on the goods for the appellants. But clearly this was an independent promise, in which the agency company bound itself as a principal. It neither promised nor purported to promise on behalf of the insurance company, and there is no more room for saying that it promised upon the part of that company than there is for saying that it promised on behalf of some other insurance company. This would follow even were it conceded, as the appellants seem to contend, that the agency company had authority to write marine insurance for the insurance company. But we find no evidence that it had such authority. It was shown that it was authorized to receive "proposals" for marine insurance, but it was required either to submit the proposals to the insurance company direct or to its agent having an office in Seattle, where the proposal was subject to acceptance or rejection. In examining the record on this question, we did not overlook the state of the pleadings. In their complaint the appellants alleged that the agency company was duly authorized to write marine insurance for the insurance company, and this allegation is admitted in the answer

to the complaint made by the agency company. But the parties appeared by different counsel and answered separately, and in the answer of the insurance company the allegation is denied. The admission of its co-defendant is not evidence against the insurance company. As to it the evidence was secondary, and to consider it otherwise would be to say that an agency can be established by the declarations of the purported agent. The appellants were, of course, permitted to show the fact by competent evidence; that is to say, by the testimony of the purported agent, or by any other direct evidence, but in their endeavor to do this, they established the fact that no such agency existed. We cannot therefore conclude that the court erred in sustaining the motion as to the respondent insurance company.

The question whether the judgment was without error as to the agency company, we think must also be answered in the affirmative. It must be remembered that the action is not founded on the claim that the agency company made an independent promise to procure marine insurance for the appellants on the goods. On the contrary, the action is founded on the claim that the company, as the duly authorized agent of an insurance company, promised on behalf of its principal that the principal would issue marine insurance on the goods. Conceding, therefore, that the agent is jointly liable with its principal for a breach of such a contract and can be joined with its principal in an action for the breach, it is at once apparent that to establish its liability the contract itself must be established. Since, as we have shown, the evidence does not establish such a contract, it must follow that there can be no recovery against the agent.

It may be that, had the action been founded on an

independent promise of this respondent to procure marine insurance for the appellants, the evidence would have justified submitting to the jury the question of its liability. But since the action was not based on this ground, and since it was not the ground on which the question of liability was submitted to the jury, the verdict of the jury cannot furnish a ground on which a separate judgment can be entered against it.

The judgment appealed from is affirmed.

MAIN, C. J., BRIDGES, and MITCHELL, JJ., concur.